**This order is SIGNED.**

**Dated: April 8, 2021**



**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**

Blake D. Miller (#4090)
Deborah R. Chandler (#12057)
**ANDERSON & KARRENBERG**
50 West Broadway, Suite 700
Salt Lake City, Utah 84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697
bmiller@aklawfirm.com
dchandler@aklawfirm.com

Attorneys for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| In re:<br><br>BEL AIRE PROPERTIES, LLC,<br><br>    Debtor. | Bankruptcy No.: 20-25412<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |
|---|---|

## FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION OF DEBTOR'S PLAN UNDER SUBCHAPTER V OF CHAPTER 11

This matter came before the Court on April 6, 2021 at 3:00 p.m. (the "Confirmation Hearing") to consider confirmation of the Debtor's Plan of Reorganization, dated March 3, 2021 [Docket No. 32] (as it may be modified pursuant to the Confirmation Order, the "Plan"), filed by Bel Aire Properties, LLC, debtor and debtor-in-possession (the "Debtor") in the above-captioned bankruptcy case (the "Case") under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Deborah R. Chandler appeared on behalf of the Debtor. Other counsel and parties-in-interest noted their appearances on the record.

Based upon the evidence received at the Confirmation Hearing, the Plan, the Ballot

Report [Docket No. 33], the Declaration of Steve Sabins in Support of Confirmation [Docket No. 34] the absence of any objections to confirmation of the Plan, the statements of counsel and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES** as follows:

1. **Exclusive Jurisdiction; Venue; Core Proceeding.** This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. **Judicial Notice.** This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case.

3. **Transmittal and Mailing of Materials; Notice.** All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Code, the Bankruptcy Rules and the orders of this Court. The Plan, notice of the Plan and applicable deadlines, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Code, the Bankruptcy Rules and the orders of this Court upon Creditors and holders of Equity Interests entitled to vote on the Plan, and such transmittal and

service were, and are adequate and sufficient. No other or further notice of the Plan or the Confirmation Hearing is or shall be required.

4. **Solicitation.** The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws and regulations. Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of § 1125, and is entitled to the protections afforded by § 1125(e).

5. **Distribution.** All procedures used to distribute the solicitation materials to the applicable holders of Claims and Interest, and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the orders and local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

6. **Creditors' and Equity Holders' Acceptance of Plan.** The Plan establishes five Classes of Claims and one Class of Interests. All impaired Classes of Claims and Interests have accepted the Plan. No Class of Claims or Interests has rejected the Plan. All other Classes of Claims or Interests which returned ballots – Classes 1 through 4, and 6, voted unanimously to accept the Plan. Class 5 neither returned ballots nor objected to Confirmation. As such, they are deemed to have accepted the Plan. In summary, all Classes of Claims and Interests either have accepted by affirmative vote or are deemed to have accepted the Plan.

7. **Subchapter V of Chapter 11 of the Bankruptcy Code Applies.** Pursuant to § 103(i), the Debtor (a) is a "debtor" as defined in § 1182, and (b) elected to proceed under subchapter V of chapter 11.

    a. The Debtor is a person engaged in commercial or business activities that has aggregate noncontingent liquidated secured and unsecured debts as of the Petition Date in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the Debtor. Further, the Debtor's aggregate noncontingent liquidated secured and unsecured debts are less than the "ceiling" amount allowed pursuant to the Coronavirus Aid, Relief, and Economic Security Act, Public Law No. 116-136.

    b. The Debtor is not a person whose primary activity is the business of owning single asset real estate.

    c. The Debtor is not a member of a group of affiliated debtors that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $7,500,000 (excluding debt owed to 1 or more affiliates or insiders).

    d. The Debtor is not a corporation subject to the reporting requirements under section 13 or 15(d) of the Securities Exchange Act of 1934

    e. The Debtor is not an affiliate of an issuer as defined in section 3 of the Securities Exchange Act of 1934.

8. **Plan Complies with Bankruptcy Code – § 1129(a)(1).** The Plan, as modified by the Confirmation Order, complies with the applicable provisions of the Bankruptcy Code, thereby satisfying §1129(a)(1).

a. <u>Proper Classification</u>. As required by § 1123(a)(1), Article 4 of the Plan properly designates Classes of Claims and classifies only substantially similar Claims in the same classes pursuant to § 1122.

b. <u>Specify Unimpaired Classes</u>. There are no unimpaired Classes of Claims under the Plan. All Classes of Claims are impaired.

c. <u>Specify Treatment of Impaired Classes</u>. Classes 1 through 6 are designated as impaired under the Plan. Article IV of the Plan specifies the treatment of the impaired Classes of Claims, thereby satisfying § 1123(a)(3).

d. <u>No Discrimination</u>. The Plan provides for the same treatment for each Claim or Interest in each respective Class, unless the holder(s) of a particular Claim(s) has agreed to less favorable treatment with respect to such Claim, thereby satisfying § 1123(a)(4).

e. <u>Implementation of Plan</u>. The Plan provides adequate and proper means for its implementation, thereby satisfying § 1123(a)(5).

f. <u>Issuance of Non-Voting Shares</u>. Section 1123(a)(6) is satisfied in that the Plan does not provide for the issuance of nonvoting equity securities. Without limitation, the Plan specifies that (a) the Reorganized Debtor will remain a limited liability company, and (b) does not provide for the issuance of any non-voting "securities" of a corporation. Under section 4.6 of the Plan, each holder of a Member Interest will receive an equal Member Interest in the reorganized Debtor.

g. <u>Officers and Directors.</u>  The Plan provides that the current Member Interest holders will retain those interests in the Reorganized Debtor.  There are no provisions in

      the Plan regarding the manner of selection of the Reorganized Debtor's directors and officers, or such provisions are consistent with the interests of creditors and with public policy. Thus, § 1123(a)(7) is satisfied.

h. <u>Additional Plan Provisions</u>. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions regarding (a) the assumption and/or rejection of executory contracts and unexpired leases, (b) the retention and enforcement by the Debtor of claims under chapter 5 of the Bankruptcy Code and under applicable non-bankruptcy law, and (c) modification of the rights of holders of secured claims. Thus, § 1123(b) is satisfied.

i. <u>Bankruptcy Rule 3016(a)</u>. The Plan is dated and identifies the Debtor as its proponent, thereby satisfying Bankruptcy Rule 3016(a).

j. <u>Filing of the Plan – § 1189</u>. The Plan was filed by the Debtor. The Debtor filed its original plan on December 7, 2020, which was within 90 days after the Petition Date. Accordingly, the requirements of § 1189 are satisfied.

k. <u>Contents of Plan – § 1190(1)</u>. As required by § 1190(1), the Plan includes (A) a brief history of the business operations of the Debtor (B) a liquidation analysis; and (C) projections with respect to the ability of the Debtor to make payments under the Plan.

l. <u>Contents of Plan – § 1190(2)</u>. As required by § 1190(2), the Plan dedicates all future earnings and income of the Debtor to be used for distributions under the Plan.

  m. <u>Contents of Plan – § 1190(3)</u>. § 1190(3) does not apply. The Plan does not modify the rights of the holder of a claim secured only by a security interest in real property that is the principal residence of the Debtor.

9. **<u>The Plan and the Proponent Comply with Bankruptcy Code – §§ 1129(a)(1) and (a)(2)</u>.** The Plan complies with the applicable provisions of the Bankruptcy Code. Likewise, the Debtor has complied with the applicable provisions of the Bankruptcy Code. Thus §§ 1129(a)(1) and (a)(2) are satisfied. Among other things:

  a. the Debtor is the proper proponent of the Plan under § 1189(a);

  b. the Plan complies, and Debtor has complied, generally with applicable provisions of the Bankruptcy Code; and

  c. the Debtor has complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules and orders of the Court in transmitting the Plan, the Disclosure Statement, ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

10. **<u>Good Faith – § 1129(a)(3)</u>.** The Debtor filed the Bankruptcy Case in good faith and for a valid bankruptcy purpose. Additionally, the Plan is proposed in good faith and not by any means forbidden by law, and therefore complies with the requirements of § 1129(a)(3). Among other things:

  a. the Debtor filed this chapter 11 Case, and the Debtor has proposed the Plan for a valid bankruptcy purpose;

  b. neither this Case nor the Plan was filed as a litigation tactic or for delay;

  c. the Debtor has been, and is, actively prosecuting this Case;

    d. the Debtor proposed the Plan with the legitimate and honest purpose of, among other things, providing for the collection of the Debtor's assets, and providing a meaningful return to creditors;

    e. the Plan is the fruit of arms-length negotiations with creditors, and includes input from the Trustee appointed under § 1183;

    f. the Plan contemplates that the claims of creditors will be satisfied by cash distributions to the holders of Allowed Claims, to be paid directly by the Debtor.

11. **Payments for Services, Costs and Expenses – § 1129(a)(4).** Pursuant to section 2.1 of the Plan, all fees and expenses of Professionals incurred through and including the Effective Date will be subject to the Court's approval, and will be paid through distributions under the Plan, as authorized by § 1191(e) (unless otherwise agreed by the Debtor and the holder of such Administrative Expense Claim). Moreover, section 13.1 of the Plan provides that this Court will retain jurisdiction after the Effective Date to hear and determine all applications by Professionals and others for compensation and reimbursement of expenses relating to the period prior to the Effective Date. Accordingly, the Plan complies with § 1129(a)(4).

12. **Directors, Officers, Insiders of the Reorganized Debtor – § 1129(a)(5).** The Plan and other filings identify Steve Sabins as the managing member. Mr. Sabins' continued management is consistent with the interests of the holders of Claims and with public policy. All current Member Interest holders, including Steve Sabins, Allison Sabins, and Andy Tenney will retain those interests in the Reorganized Debtor. Therefore, the Debtor has complied with § 1129(a)(5).

13. **No Rate Changes – § 1129(a)(6).** No governmental regulatory commission has jurisdiction over the approval of the rates of the Debtor. Thus, § 1129(a)(6) is inapplicable and/or is satisfied.

14. **Best Interests of Creditors Test – § 1129(a)(7); Liquidation Analysis**. The Plan was accepted or deemed accepted by all Classes of Claims and Interests that are impaired and entitled to vote. Further and in any event, the Plan provides that each holder of a Claim will receive or retain under the Plan on account of its Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Case were converted to chapter 7, and the Estate were liquidated by a chapter 7 trustee.

15. **Acceptance of the Plan – § 1129(a)(8).** The Plan has been accepted by all Classes of Claims, satisfying § 1129(a)(8).

16. **Administrative Expense Claims and Priority Tax Claims – 1129(a)(9)**. The Plan provides for the treatment of administrative and priority claimants in accordance with the requirements of §§ 1129(a)(9) and 1191(e) (except to the extent that a holder agrees otherwise).

17. **Acceptance by at Least One Impaired Class – § 1129(a)(10).** The Plan complies with § 1129(a)(10) because, as shown by the Ballot Tabulation Register, all Classes of Claims that are impaired under the Plan have accepted the Plan or are presumed to accept the Plan.

18. **Feasibility – § 1129(a)(11).** The Plan is feasible and complies with § 1129(a)(11) as confirmation is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor, except as expressly provided for in the Plan.

19. **Payment of Fees – § 1129(a)(12).** Under subchapter V of chapter 11, no fees are payable under 28 U.S.C. § 1930. Thus, § 1129(a)(12) is satisfied.

20.     **Continuation of Retiree Benefits – § 1129(a)(13).** The Plan complies with § 1129(a)(13). The Debtor is not obligated to pay any retiree benefits subject to § 1114.

21.     **No Domestic Support Obligations – § 1129(a)(14).** The Debtor does not have any domestic support obligations. Therefore, § 1129(a)(14) is not applicable.

22.     **Transfers Will Comply with Nonbankruptcy Law – § 1129(a)(16).** The Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

23.     **Principal Purpose of Plan – § 1129(d).** The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, as amended. Therefore, the Plan complies with § 1129(d) of the Bankruptcy Code.

24.     **Confirmation of a Consensual Plan (11 U.S.C. § 1191(a)).** The Debtor has met each of the requirements for confirmation of a consensual Plan under 11 U.S.C. § 1191(a).

25.     The Court announced other findings of fact and conclusions of law on the record of the hearing, which findings and conclusions are incorporated herein by reference.

26.     In summary, the Plan complies with and the Debtor has satisfied all applicable confirmation requirements and the Plan will be confirmed upon entry of the separate Confirmation Order.

-------------------------------------- END OF DOCUMENT --------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the **FINDINGS OF FACT AND CONCLUSIONS OF LAW** shall be served to the parties and in the manner designated below

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- 
- **Darwin H. Bingham**  dbingham@scalleyreading.net, cat@scalleyreading.net
- **J. Scott Brown**  sbrown@ck.law, klopez@ck.law
- **Deborah Rae Chandler**  dchandler@aklawfirm.com
- **Peter J. Kuhn**  Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Armstrong@usdoj.gov;Brittany.Eichorn@usdoj.gov
- **D. Ray Strong tr**  rstrong@thinkbrg.com, UT30@ecfcbis.com;drstrong@ecf.axosfs.com
- **Richard C. Terry**  richard@tjblawyers.com, cbcecf@yahoo.com
- **United States Trustee**  USTPRegion19.SK.ECF@usdoj.gov
- **Kasey L. Wright**  kwright@nephilaw.com

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

__x____  All parties on the Court's official case matrix.

*/s/Deborah R. Chandler*
Deborah R. Chandler